OPINION
{¶ 1} Defendant-appellant appeals from his conviction and sentence for two counts of robbery, both felonies of the second degree. Defendant-appellant was sentenced to eight years on each robbery count, the maximum on each, said terms to run concurrently.[1] Wolfe's appellate counsel has filed a brief pursuant to Anders v. California
(1967), 386 U.S. 738, indicating he could find no assignment of error having arguable merit. By entry filed herein on January 4, 2005, we advised Wolfe that his appellate counsel had filed an Anders brief and allowed him sixty days within which to file his own pro se brief. Wolfe has not filed his own pro se brief.
 {¶ 2} Pursuant to Anders v. California, supra, we have independently reviewed the record. We agree with Wolfe's appellate counsel that there are no potential assignments of error having arguable merit. Wolfe was initially charged by indictment in Case No. 03-CR-0805 with three counts of aggravated robbery with firearm specifications, three counts of robbery and one count of attempted burglary. Counsel was appointed to represent Wolfe. A plea bargain was negotiated, resulting in the dismissal of firearm specifications and multiple counts.
 {¶ 3} We have reviewed the plea hearing and it appears the trial court properly advised Wolfe of his rights. The trial court also advised Wolfe of the possible penalties that could be imposed for the offenses to which he plead guilty, specifically advising Wolfe: "Should you plead guilty to all three of the counts in the plea agreement pertaining to these cases, the court could impose the maximum sentences as consecutive."
 {¶ 4} It appears from the record that Wolfe clearly understood the rights he was waiving by pleading guilty, as well as the consequences of his pleas, and that he tendered his pleas voluntarily with full understanding of his rights and potential consequences.
 {¶ 5} Finally, we have reviewed the transcript of the sentencing hearing. The trial court did, in fact, impose concurrent terms on the robberies as recommended by the State of Ohio. In imposing the maximum term on each robbery, the Court stated with particularity its findings as well as the reasons for electing the maximum of eight years on each count. In fact, the trial court conducted a very lengthy analysis explaining in great detail the basis for the eight-year concurrent terms.
 {¶ 6} Like Wolfe's appellate counsel, we have found no potential assignments of error having arguable merit. Accordingly, we conclude that this appeal is wholly frivolous.
 {¶ 7} The judgment of the trial court is affirmed.
Brogan, P.J. and Fain, J., concur.
[1] Defendant-appellant was sentenced to two years on an Illegal Conveyance charge, not the maximum, to be run consecutively to the eight-year term on the robberies. However, a notice of appeal was not filed in the companion case number 03-984. Nevertheless, our review does include Case No. 03-984, as the plea and sentencing occurred at the same time as the instant case.